## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

PIOTR ZDZIEBORSKI, et al.,                        *

    Plaintiffs,                                        *

    v.                                                 *

                                  **CIVIL NO. JKB-22-1609**

ALEJANDRO MAYORKAS, et al.,                       *

    Defendants.                                        *

   *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM

Plaintiffs Piotr Zdzieborski and Jennifer Hand-Zdzieborski filed a "Petition for Writ of Mandamus; Request for Declarative and Injunctive Relief; Request for Attorney Fees and Costs" seeking "to compel the Defendants and those acting under them to take all appropriate action to adjudicate Petitioners' Petition for Alien Relative ('I-130 [P]etition') and Application for Adjustment of Status ('I-485 Application') without further delay." (ECF Nos. 1, 3.)   Pending before the Court is Defendants' Motion to Dismiss (ECF No. 7) and Plaintiffs' Motion for Attorney's Fees and Expenses Under the Equal Access to Justice Act ("Motion for Attorney's Fees"). (ECF No. 8.) For the following reasons, Defendants' Motion to Dismiss will be granted and Plaintiffs' Motion for Attorney's Fees will be denied.

### I.   Factual and Procedural Background

On July 14, 2014, Jennifer Hand-Zdzieborski filed an I-130 Petition on behalf of her husband, Piotr Zdzieborski, and he filed his I-485 Application concurrently. (ECF No. 3 at ¶ 21.) However, although Plaintiffs had completed all necessary steps, eight years passed and United States Citizenship and Immigration Services ("USCIS") "ha[d] still not adjudicated Plaintiffs' case." (*Id.* at ¶ 25.) The Zdzieborskis alleged that the USCIS Baltimore Field Office, where the

1

I-130 Petition and I-485 Application were pending, was "adjudicating I-130 petitions and I-485 applications for spouses of U.S. Citizens within 20 months." (*Id.* at ¶ 26.) Thus, the Zdzieborskis retained immigration counsel and filed this action on June 29, 2022. (ECF No. 8 at ¶ 4.) After this matter was commenced, "USCIS [ ] spr[a]ng to action" and, on September 28, 2022, USCIS adjudicated the I-130 Petition and the I-485 Application. (*Id.* at ¶ 5.)

Defendants filed the pending Motion to Dismiss. (ECF No. 7.) Defendants argue that the instant action is moot, given the adjudication of the I-130 Petition and the I-485 Application. (ECF No. 7-1 at 1.) Plaintiffs filed the pending Motion for Attorney's Fees, seeking fees, court costs, and medical expenses. (ECF No. 8 at 1.)

## II.   *Analysis*

Given USCIS's adjudication of the I-130 Petition and the I-485 Application, the matter is moot and Defendants' Motion to Dismiss will be granted. Further, because Plaintiffs are not prevailing parties within the meaning of the Equal Access to Justice Act ("EAJA"), their Motion for Attorney's Fees will be denied.

### A. *Motion to Dismiss*

Defendants bring their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that the action has been mooted by the adjudication of the I-130 Petition and the I-485 Application. A "defendant['s] argument that the Complaint is moot is properly considered under Rule 12(b)(1)." *De La Fuente v. Lamone*, Civ. No. ELH-16-2743, 2017 WL 2439143, at *4 (D. Md. June 5, 2017). The Court will grant Defendants' Motion.

A case is moot where a ruling "could not have any practical effect on the outcome of [a] case." *Progressive N. Ins. Co. v. Y.E.*, No. 20-2191, 2022 WL 670871, at *3 (4th Cir. Mar. 7,

2022) (quoting *Norfolk S. Ry Co. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010)).

Further, a case becomes moot "when the claimant receives the relief he or she sought to obtain

through the claim." *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (citations and

quotations omitted).

Here, Plaintiffs' I-130 Petition and I-485 Application have been adjudicated, mooting this

action.[1] *See, e.g.*, *Watkins v. Napolitano*, Civ. No. RWT-11-2257, 2012 WL 4069763, at *2–3 (D.

Md. Sept. 14, 2012) (dismissing case as moot where complaint asked the court to "(1) declare that

USCIS's failure to adjudicate the Form I-130 visa petition is unlawful; (2) issue a permanent

injunction ordering USCIS to adjudicate the Form I-130 visa petition within thirty days; (3)

adjudicate the Form I-130 visa petition" and where USCIS adjudicated the Form I-130 after suit

was filed); *Mohammed v. Holder*, 695 F. Supp. 2d 284, 289 (E.D. Va. 2010) ("[T]he petition for a

writ of mandamus is moot because the USCIS has already adjudicated petitioner's application for

adjustment of status[.]"). Accordingly, Defendants' Motion to Dismiss will be granted.

### B. *Motion for Attorney's Fees*

Plaintiffs contend that they qualify as a "prevailing party" under the EAJA and are thus

entitled to attorney's fees. However, Plaintiffs are not a prevailing party within the meaning of

that statue and their Motion for Attorney's Fees will be denied.

Although parties are ordinarily required to bear their own attorney's fees, "statutory

authority may provide otherwise, as the EAJA does." *Ge v. United States Citizenship & Immigr.*

*Servs.*, 20 F.4th 147, 153 (4th Cir. 2021). The EAJA provides in relevant part that

---

[1]     In fact, Plaintiffs do not dispute that the case is moot, but rather contend that, because Defendants only acted after Plaintiffs filed the instant matter, Plaintiffs should be awarded attorney's fees and costs accrued in the case before the Court dismisses it. (*See* ECF No. 9 at 2 ("It is inequitable to dismiss the case without awarding Plaintiffs their attorney's fees and costs accrued in this case."); *id.* at 2–3 (seeking only the following relief: deny the Motion to Dismiss; grant the Motion for Attorney's Fees; and grant "such other and further relief as this Court may deem proper").)

[A] court shall award to a *prevailing party* other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

"The term 'prevailing party' is a 'legal term of art' that is 'interpreted . . . consistently' across various statutory fee-shifting provisions." *Ge*, 20 F.4th at 153 (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 & n.4 (2001)). To be a prevailing party, "a plaintiff [must] receive at least some relief on the merits of his claim before he can be said to prevail." *Buckhannon*, 532 U.S. at 603 (quotation omitted.)  The plaintiff must show that this relief created a "material alteration of the legal relationship of the parties" that is "judicially sanctioned." *Id.* at 604–05.  As the Fourth Circuit has explained:

"[P]revailing party" is a legally defined and limited term, and for a plaintiff to be a prevailing party, he must obtain (1) a judgment, consent decree, or similar order, (2) that grants him some relief on the merits, (3) that materially alters the legal relationship between him and the defendant, and (4) that is enforceable by the court.

*Ge*, 20 F.4th at 153.

None—let alone all—of these circumstances are present here.  The Court has issued no order granting Plaintiffs any relief.  Rather, this matter was mooted when Plaintiffs received the relief they sought prior to any action by this Court.  *See Buckhannon*, 532 U.S. at 605 ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change."). Therefore, Plaintiffs are not prevailing parties within the meaning of the EAJA, and their Motion for Attorney's Fees will be denied.

4

### III.   *Conclusion*

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 7) will be granted; Plaintiffs' Motion for Attorney's Fees (ECF No. 8) will be denied; and this case will be closed.

DATED this 20 day of March, 2023.

BY THE COURT:

James K. Bredar
Chief Judge